IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SKMK EMERGENCY ROOM, LLC; SUN CITY EMERGENCY ROOM, LLC; ER365, LLC D/B/A THE HEIGHTS EMERGENCY ROOM; and MONTROSE ER, LLC, | § § § § § | |
| *Plaintiffs*, | § § | C.A. No. 1:23-cv-82 |
| v. | § § | |
| UNITEDHEALTHCARE OF TEXAS, INC., | § § § | |
| *Defendant*. | | |

# NOTICE OF REMOVAL

Defendant UnitedHealthcare of Texas, Inc., ("UHCTX"), for the purpose only of removing this case to the United States District Court for the Northern District of Texas, states:

1. **State Court Action.** Plaintiffs filed this action in the County Court at Law No. 3 of Collin County, Texas on December 15, 2022. Plaintiffs assert causes of action for breach of contract, breach of the duty of good faith and fair dealing, declaratory judgment, and under Chapter 1467 of the Texas Insurance Code based on claims for payment of healthcare benefits submitted to UHCTX. [Pet. ¶¶ 27-50.] Plaintiffs, which out of network providers, alleges UHCTX did not pay Plaintiffs "a fair and reasonable payment for emergency medical care, treatment and services provided" to UHCTX's members. [Pet. ¶ 13.] The members on whose behalf Plaintiffs submitted claims for payment of benefits

are eligible for benefits pursuant to the terms of a group policies issued by UHCTX as part of ERISA-governed employee benefit plans provided by their employers. [*See* Exhibit A.]

2. **Removal is Proper.** This action is removable under 28 U.S.C. § 1331, 28 U.S.C. § 1441, and 29 U.S.C. § 1132 on the basis of federal question jurisdiction. Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), as within the scope of § 1132 and/or preempted by § 1144, which are laws of the United States. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990); *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286 (5th Cir. 1988); *St. Luke's Episcopal Hosp. Corp. v. Stevens Transport, Inc.,* 172 F. Supp. 2d 837, 841 (S.D. Tex. 2000). Plaintiffs seek recovery of benefits under group policies issued by UHCTX that are part of ERISA-governed employee benefit plans. *See Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 976-78 (5th Cir. 1991); *Magee v. Life Ins. Co. of N. Am.*, 26 F. Supp. 2d 738, 743 (S.D. Tex. 2003) The group policies provide certain health benefits to eligible employees and are sponsored by the employers for the benefit of their employees. Attached hereto as Exhibit A is the declaration of Jane Stalinski, which includes copies of the Certificates of Coverage issued to the members Plaintiffs treated under their employer-sponsored group policies, which each include a "Statement of Employee Retirement Income Security Act of 1974 (ERISA) Rights." [*See, e.g.*, Ex. A at 188, 349, 502, 668, 838, 1007, 1192, 1338, 1506, 1692.] Plaintiffs do not have a network agreement with UHCTX setting rates for reimbursement, therefore, the claims submitted by Plaintiffs were paid in accordance with

the terms of the members' ERISA-governed certificates, and Plaintiffs' are seeking an additional payment of benefit pursuant to the policies and corresponding certificates. As a result, some or all of Plaintiffs' state-law claims may be preempted by ERISA. *See Davila*, 542 U.S. 200 (2004); *Dedeaux*, 481 U.S. 41 (1987); *Taylor,* 481 U.S. 58 (1987); *Northbrook*, 904 F.2d 236 (5th Cir. 1990); *St. Luke's*, 172 F. Supp. 2d 837 (S.D. Tex. 2000).

    3.    **State Court Documents Attached.** Pursuant to the Federal Rules of Civil Procedure, a copy of the state court docket sheet and all documents filed in the state court action, arranged in chronological order, are attached as Exhibit B. These documents constitute the only pleadings, process, or orders filed in the state court or received by UHCTX. Further, a List of Counsel and Parties is attached as Exhibit C.

    4.    **Notice.** UHCTX shall give notice of filing of the Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d) and will file with the state court a notice of filing this Notice of Removal.

    5.    **Prayer.** Wherefore, UHCTX prays that the United States District Court for the Northern District of Texas accept this Notice of Removal, assume jurisdiction of this cause, issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof, and grant such other and further relief as may be necessary.

Dated: April 20, 2023

Respectfully submitted,

By: */s/ Amber D. Reece*
    Andrew G. Jubinsky
    State Bar No. 11043000
    andy.jubinsky@figdav.com
    Amber D. Reece
    State Bar No. 24079892
    amber.reece@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2023, a true and correct copy of the foregoing document was served according to the Texas Rules of Civil Procedure on the following counsel:

Matthew D. Rinaldi
matthew.rinaldi@prestonhollower.com
5150 Lemmon Ave., Ste 108
Dallas, Texas 75209
*Attorney for Plaintiff*

    */s/ Amber D. Reece*
    Amber D. Reece